**POST–TRIBUNE, Appellant–Plaintiff,**

**v.**

**POLICE DEPARTMENT OF the CITY OF GARY, Indiana, Appellee–Defendant.**

No. 45A05–9312–CV–444 [1].

Court of Appeals of Indiana, First District.

June 23, 1994.

---

1. This case was transferred to this office on April 26, 1994, by direction of the Chief Judge. Oral argument was held June 9, 1994.

Timothy G. Kline, Joseph S. Van Bokkelen, Goodman Ball & Van Bokkelen, Professional Corp. Highland, for appellant.

Margaret Felton, Gary, for appellee.

ROBERTSON, Judge.

The Post–Tribune [Post] appeals the procedures employed and the judgment entered in its action brought under the Indiana Access to Public Records Act, I.C. 5–14–3–1 et seq. [ACT] against the Police Department of the City of Gary, Indiana. The Post raises three issues. We reverse and remand with instructions.[2]

## FACTS

The pertinent facts are not disputed. A serial rapist terrorized the citizens of Gary between June 2, 1993 and July 14, 1993. The serial rapist had attacked persons on six separate occasions. Five of the victims were attacked in their own homes. One victim had been a visitor in the home where she was attacked. Usually, the serial rapist would burglarize the home at night while armed with a sawed-off shotgun. He would wake his victims from their sleep and force them to have intercourse. After the attacks, he would plunder the homes for a few minutes before making his escape.

The police department produced an offense report for each attack for dissemination to the public as required by the Act. On these reports, the police blocked out the names, addresses, Social Security numbers, and other identifying information of the victims as permitted by the Act. However, the police also blocked out the "Location of Offense (Address)" blank on their form although the Act requires the police department to disclose the "location of occurrence" of every crime reported. The police inadvertently disclosed the name of one victim and the ages of all the victims, information the police are not required to disclose in sex offense reports under the Act.

The Post wanted to publish a map which identified the city blocks where the rapist had struck. The Post had no intention of publishing the names of the victims or their addresses. On July 21, 1993, the Post requested more information about the rapes, including the addresses where the attacks had occurred. The police department refused to provide any more information, claiming initially that it was not required to release the information because of the confidential nature of its on-going criminal investigation. However, the police department now readily concedes that, under the Act, it is required to disclose the "location of occurrence" of any reported crime despite the exemption in the Act for law enforcement investigatory records.

The Post brought the present lawsuit seeking an order compelling the police department to disclose the "location of occurrence" of the sex crimes in question. The Post also sought attorney fees, court costs, and other expenses as provided under the Act for the police department's noncompliance with the Act. The trial court held an evidentiary hearing on all matters and determined that the police were required only to disclose the neighborhoods where the attacks took place. The police chief supplied this information through his testimony at the hearing. The trial court found that, because the police had complied with the Act by disclosing the "location of occurrence" through the testimony of the police chief, no sanctions would issue.

## DECISION

### I.

Whether the trial court erred in interpreting the Act's requirement that the police disclose the "location of occurrence" as the neighborhood of the reported crime?

■ The pivotal issue in this case is whether the police department satisfied its statutory obligation of disclosing the "location of occurrence" by divulging the neighborhoods in which the crimes took place. The Post argues that "neighborhood" is not specific enough and any reasonable interpre-

---

2. We would caution that this opinion deals only with the construction of the statute in question. This opinion does not deal with the ramifications of either the right to privacy or the First Amendment. Those questions are for another day.

tation of the Act requires the police department to disclose the address where the crimes occurred. The police department counters that, because the attacks took place in private homes, the victims could be readily identified from the addresses and the police were justified in withholding any more specific information regarding the "location of occurrence" to protect the victims' privacy.

When construing a statute, our foremost duty is to determine and give effect to the true intent of the legislature. *Indiana Department of Human Services v. Firth* (1992), Ind.App., 590 N.E.2d 154, 157, *trans. denied.* To do this, it is necessary to view the statute within the context of the entire act, rather than in isolation. *Id.* When a statute is clear and unambiguous on its face, we may not interpret the statute. *Scheub v. Town of Schererville* (1993), Ind.App., 617 N.E.2d 585, 587. Rather, words are to be given their plain, ordinary and usual meaning unless a contrary purpose is clearly shown by the statute itself. *Department of Public Welfare v. Couch* (1992), Ind., 605 N.E.2d 165, 167. We will not construe statutes in a manner which leads to absurdity or hardship. *Superior Construction Co. v. Carr* (1990), Ind., 564 N.E.2d 281, 284.

The guiding principles of statutory construction of Indiana's Access to Public Records Act are well known. *Indianapolis Convention & Visitors Association, Inc. v. Indianapolis Newspapers, Inc.* (1991), Ind., 577 N.E.2d 208. Courts must construe the Act with its purpose and scope in mind. *Id.* The Act is to be examined and interpreted as a whole, giving words their common and ordinary meaning and not overemphasizing a strict, literal or selective reading of individual words. *Id.* Indiana's General Assembly made the following statement of purpose with respect to the Act:

A fundamental philosophy of the American constitutional form of representative government is that government is the servant of the people and not their master. Accordingly, it is the public policy of the state that all persons are entitled to full and complete information regarding the affairs of government and the official acts of those who represent them as public officials and employees. This chapter shall be liberally construed to implement this policy and place the burden of proof for the nondisclosure of a public record on the public agency that would deny access to the record and not on the person seeking to inspect and copy the record.

I.C. 5–14–3–1. The specific provision of the Act involved in the present dispute, I.C. 5–14–3–5(c) provides:

[The police department] shall maintain a daily log or record that lists suspected crimes, accidents, or complaints, and the following information shall be made available for inspection and copying:

(1) The time, substance, and location of all complaints or requests for assistance received by the agency.

(2) The time and nature of the agency's response to all complaints or requests for assistance.

(3) If the incident involves an alleged crime or infraction:

(A) the time, date, and *location of occurrence;*

(B) the name and age of any victim, unless the victim is a victim of a [sex crime];

(C) the factual circumstances surrounding the incident; and

(D) a general description of any injuries, property, or weapons involved.

[This report] shall be made available for inspection and copying in compliance with this chapter. The record containing the information must be created not later than twenty-four (24) hours after the suspected crime, accident, or complaint has been reported to the agency.

(Emphasis added).

The provisions of the Act under scrutiny represent our General Assembly's balancing of the public's right to access to public records with the sex crime victim's right to privacy. *See generally, City of Santa Rosa v. Press Democrat* (1986), 187 Cal.App.3d 1315, 232 Cal.Rptr. 445. The Act limits the information that the police department is required to disclose regarding the victims of sex crimes in order to protect their privacy; the police are not required to disclose a

victim's name or age. However, while the Act permits the police to withhold the name and age of a sex crime victim, the Act does not, with greater particularity, otherwise permit the police department to protect the identities of crime victims as do the statutes of other states. For example, the Illinois' Freedom of Information Act, Ill.Rev.Stat. 1989, ch. 116, para. 207, permits public agencies to withhold "information that, if disclosed, would constitute a clearly unwarranted invasion of personal privacy." Such a statutory scheme vests a public agency with some discretion regarding the disclosure of information which could identify an individual; Indiana's Act does not provide for the exercise of such discretion under the present circumstances. Therefore, the police department is required to disclose a reported crime's "location of occurrence" with the same specificity regardless of the nature of the crime.

This case turns on the interpretation of the word "location" which is defined as the "[s]ite or place where something is or may be located." Black's Law Dictionary 847 (5th ed. 1979). "Locate" means "[t]o find ... to ascertain and fix the position of something ..." *Id.* Black's directs us to "See also Situs." "Situs" is defined as the "location ... Site; position; the place where a thing is considered ... It imports fixedness of location." *Id.* at 1244. Webster's Third International Unabridged Dictionary 1327 (1976), defines "location" as a position or site ... "marked by some distinguishing feature." The same dictionary defines "locate" as "to define the site ... to set or establish in a particular spot or position."

The definitions of "location" and the related words above, taken as a whole, import a fixedness of position or the definition of a particular spot marked by some distinguishing feature. The form employed by the police department serves as some indication that it also interprets the word "location" in the present context to mean "address." The crime report form produced by the police has a space, blocked out in the present case, for the "Location of Offense (Address)."

Given the Act must be liberally construed in favor of providing the public with "full and complete information," we agree with the Post that the only reasonable interpretation of the Act requires that the police disclose the address or other identifiable situs for the "location of occurrence" of a reported crime. Had the legislature chosen to provide sex crime victims with greater privacy, it could have easily done so; however, the legislature did not. Therefore, the trial court erred in finding the police department had satisfied the disclosure requirements of the Act by providing the "neighborhoods" of the reported offenses.

## II.

Whether the trial court erred in finding that the police chief's testimony satisfied the requirements of the Act?

■ Under I.C. 5–14–3–5(c) as set out above, the police department must make a written report of all incidents involving an alleged crime available for inspection and copying within 24 hours after the suspected crime has been reported. Therefore, the trial court erred in finding that the police department had fulfilled its obligation under the Act by supplying the "location of occurrence" through the testimony of the police chief.

## III.

Whether the trial court erred by failing to award attorney fees in favor of the Post?

■ The Post argues that it is entitled to attorney fees and other sanctions for the police department's violation of the Act, citing I.C. 5–14–3–9(h), which reads:

In any action filed under this section, a court *may* award reasonable attorney fees, court costs, and other reasonable expenses of litigation to the prevailing party if:

(1) the plaintiff substantially prevails and the court finds the defendant's violation was knowing or intentional; or

(2) the defendant substantially prevails and the court finds the action was frivolous or vexatious.

(Emphasis added).

"May" in statutes ordinarily indicates a permissive condition and discretion. *City of*

*Tell City v. Noble* (1986), Ind.App., 489 N.E.2d 958, *trans. denied.* Thus, the award of attorney fees and other sanctions under the Act is a matter within the trial court's discretion.

Moreover, it would seem obvious that the police department's noncompliance with the Act was well intentioned; it wished to provide further protection of the privacy of the sex crime victims involved. Therefore, the police department's violation of the Act was not of a knowing and intentional nature such that the award of attorney fees or other sanctions would be appropriate.

We reverse and remand with instructions that the trial court order the police department to disclose the addresses where the attacks in question took place.

BAKER and NAJAM, JJ., concur.