**POST–TRIBUNE, Appellant,**

v.

**POLICE DEPARTMENT OF the CITY OF GARY, Indiana, Appellee.**

**No. 45S05–9411–CV–1119.**

Supreme Court of Indiana.

Nov. 23, 1994.

---

Timothy G. Kline, Joseph S. Van Bokkelen, Goodman Ball & Van Bokkelen, Highland, for appellant.

Margaret Felton, City Atty., City of Gary Law Dept., Gary, for appellee.

## ON PETITION TO TRANSFER

GIVAN, Justice.

In an opinion reported at 636 N.E.2d 181, the Court of Appeals reversed the trial court's decision that the Gary Police Department was in conformance with Ind.Code § 5–14–3–5(c) by furnishing information as to the neighborhood in which a rape occurred and was not required to give the exact street address. The Court of Appeals held that a strict construction of the statute required the police department to give the street address

where the rape occurred. We hold the Court of Appeals was in error in so holding. We set aside the opinion of the Court of Appeals and affirm the trial court.

In construing a statute, it is the duty of the court to determine and to give effect to the true intent of the legislature. *Superior Construction Co. v. Carr* (1990), Ind., 564 N.E.2d 281. The pertinent portion of Ind.Code § 5–14–3–5(c) reads as follows:

"(c) An agency shall maintain a daily log or record that lists suspected crimes, accidents, or complaints, and the following information shall be made available for inspection and copying:

(1) The time, substance, and location of all complaints or requests for assistance received by the agency.

(2) The time and nature of the agency's response to all complaints or requests for assistance.

(3) If the incident involves an alleged crime or infraction:

(A) the time, date, and location of occurrence;

(B) the name and age of any victim, unless the victim is a victim of a crime under IC 35–42–4; [Rape; criminal deviate conduct; child molesting; child exploitation; vicarious sexual gratification; child solicitation; child seduction; sexual battery.]

(C) The factual circumstances surrounding the incident; and

(D) A general description of any injuries, property, or weapons involved.

The information required in this subsection shall be made available for inspection and copying in compliance with this chapter. The record containing the information must be created not later than twenty-four (24) hours after the suspected crime, accident, or complaint has been reported to the agency."

It is obvious from the reading of the statute that it was the legislative intent to protect victims of rape from unnecessary public embarrassment by not identifying them. In addition to the safeguarding of the individual's right to privacy, *see The Florida Star v.*

*B.J.F.* (1989), 491 U.S. 524, 109 S.Ct. 2603, 105 L.Ed.2d 443, there is also a very important public interest to be served by this legislative policy. Law enforcement officials are painfully aware of the fact that some rapes go unreported because of the embarrassment and reluctance of the victim to come forward.

In order to encourage victims to report sexual attacks, it is important that they be assured their identity will not be made public. To interpret the statute quoted above to state on the one hand a public policy that the name of the victim shall not be released, and on the other hand that the exact street address of the location of the crime must be given, is to totally defeat the intended protection of the victim. The trial court was correct in holding that the statute does not require release of the exact address of a crime. In fact, to release the exact address would be tantamount to naming the victim and thus defeat the intent of the legislature. The location should be the most specific location which reasonably protects the privacy of the victim. For example, in a residential neighborhood listing the "location of occurrence" would restrict the police to disclosing the street name and block number of the offense. In a neighborhood where there might be a single residence wedged in among businesses, by contrast, a somewhat broader description of the "location" would be permissible under the statute.

The Court of Appeals and the trial court both were correct in holding that the award of attorneys' fees or other sanctions would be inappropriate. The opinion of the Court of Appeals is set aside, and the trial court is affirmed.

SHEPARD, C.J., and DeBRULER, DICKSON and SULLIVAN, JJ., concur.