Jesse Cloud **ROBINSON** and Sue Ann Mitchell, Appellants–Defendants,

v.

**MONROE COUNTY**, Indiana, Appellee–Plaintiff.

No. 60A04–9506–CV–225.

Court of Appeals of Indiana.

March 21, 1996.

the boundaries depicted in the map based upon DNR permits.

Jesse C. Robinson and Sue Ann Mitchell, Bloomington, Pro Se.

J. Alexander Tanford, Bloomington, for Appellants.

David B. Schilling, Monroe County Attorney's Office, Bloomington, for Appellee.

## OPINION ON REHEARING

FRIEDLANDER, Judge.

In a December 11, 1995 published opinion, this court determined that Ind.Code Ann. § 36–7–8–3(d) (West Supp.1995), operates to exempt private individuals from having to comply with requirements associated with the construction of buildings, set out in IC § 36–7–8–3(a)–(c), if the "individuals ... themselves, or with the assistance of unpaid non-professionals, perform a substantial amount of the construction work on a house" in which the individual will live. *Robinson v. Monroe County*, 658 N.E.2d 647, 652 (Ind.Ct. App.1995). On January 24, 1996, Monroe County petitioned this court to reconsider its ruling. On January 30, we granted the Motion of Indiana Fire Prevention and Building Safety Commission For Leave to File Brief Amicus Curiae In Support of Rehearing. We deny the petition for rehearing but write separately for the sole purpose of clarifying a matter raised in the Fire and Safety Commission's brief.

We note first that we were, and are, well aware of the implications of our holding in the Robinsons' case. We recognize that the construction of safe houses is a matter of paramount importance and we also recognize that the statutory provision at issue in the instant case was inconsistent with the objective of insuring safe houses. As we acknowledged in our original opinion,

> exempting an individual from the requirements of obtaining authorization for proposed construction and subjecting the completed work to inspection of the building runs contrary to the goal of insuring safe buildings.

*Id.* at 650–51. Indeed, concern about the negative impact of our decision in the area of public safety has not only caused Monroe County to petition for rehearing, but has also prompted interested professionals and public agencies in fields related to new home construction to contact this court to express their views on the topic. We are not unsympathetic to such concerns. We also reiterate that our decision and discussion in the instant case is confined to exempting individu-

als from the requirements set out in IC § 36–7–8–3 "and does not provide a similar exemption from the requirements set out in Section 4 concerning minimum housing standards and related ordinances." *Id.* at 652.

Monroe County contends upon petition for rehearing that IC § 36–7–8–3(d) "does not promote the interests of the public at large", Appellee's Petition for Rehearing at 10, because it allows individuals to erect homes that do not meet minimum safety standards adopted by the Indiana Fire Prevention and Building Safety Commission. We agree with this assertion. However, the statute unambiguously exempts a certain class of individuals from abiding by the safety requirements and we may not ignore the clear language of a statute, regardless of our view as to its wisdom. It is not a proper function of this court to, in effect, rewrite a statute in order to render it consistent with our view of sound public policy. *See S.V. v. Estate of Bellamy,* 579 N.E.2d 144 (Ind.Ct. App.1991). The Fire and Safety Commission contends that we should narrow the scope of the exemption to include only "log cabin-type dwellings", Brief of Amicus at 3, and, in any event, to exclude homes in residential areas. We must reject the Fire and Safety Commission's invitation to recognize these exceptions because the statute clearly does not allow for them. The Fire and Safety Commission's arguments in this regard, along with those of Monroe County, should be directed to the Indiana Legislature and not the courts. *Id.*

For the purpose of clarification, however, we briefly address a separate concern expressed by the Fire and Safety Commission. The Commission states:

> The Court does not define "substantial." The failure to define "substantial," which could be taken to mean 10%, 25%, 50% or any other value, creates an enforcement nightmare. Many local building departments already have been faced with irate citizens who claim they can avoid codes and permitting [sic], and other departments have had requests, based on the decision in this case, for refunds of building permit fees already collected. Although later litigation could further define "substantial," until that litigation occurs

local building officials are left without guidance as to who is covered by their building codes.

Brief of Amicus at 4–5. The Commission is correct in noting that the meaning of "substantial" in this context will be crystallized in future cases. However, we will clarify that we intended that the term be understood consistent with its customary meaning, that being: "of ample or considerable amount, quantity, [or] size". *The Random House Dictionary of the English Language* 1418 (1967). Therefore, it would clearly be inconsistent with the ordinary meaning of the term to construe a "substantial portion" of something as referring to only one-half of the whole.

Subject to the preceding comments and clarification, Monroe County's Petition for Rehearing is denied.

SULLIVAN and KIRSCH, JJ., concur.