Crystal ROGERS, Appellant–Defendant,

v.

NOBLE COUNTY, By and Through the NOBLE COUNTY BOARD OF COMMISSIONERS, and Noble County Building Department, Appellees–Plaintiffs.

No. 57A04–9612–CV–536.

Court of Appeals of Indiana.

April 28, 1997.

Rehearing Denied June 25, 1997.

**OPINION**

CHEZEM, Judge.

*Case Summary*

Appellant-Defendant, Crystal Rogers ("Rogers"), appeals from the granting of a temporary restraining order ("TRO") in favor of Appellees–Plaintiffs, Noble County and Noble County Building Department (collectively, "County"). We reverse.

*Issue*

Rogers presents several issues which we restate as: whether the trial court abused its discretion in granting the TRO, which prevents her from further construction on her home until she obtains a building permit from the County.

*Facts and Procedural History*

 Rogers owns real estate located in an unincorporated area of Noble County and was engaged in constructing a second story to her residence. The work was being performed by members of Rogers's family and a friend. Rogers had not applied for a building permit from the County. The County's building inspector, concerned about the stability of the structure, issued a stop work order. The County then filed a complaint to require Rogers to allow an inspection of the residence and moved to enjoin Rogers from further construction activity until she obtains a building permit and complies with the Noble County Code. Following a hearing, the trial court issued a TRO and entered Findings of Fact and Conclusions of Law as follows, in part:

**FINDINGS OF FACT**

1. The within action has been brought under the Noble County Code § 36–7–8 (the "County Building Code"). The County Building Code has been enacted pursuant to I.C. 36–7–8–3 and I.C. 36–7–8–4.

. . . .

11. The Board of Commissioners of Noble County, Indiana, have duly adopted General Ordinance No.1988–10, which Or-

Crystal Rogers, Cromwell, Pro Se.

Phillip A. Renz, Diana C. Bauer, Miller Carson Boxberger & Murphy LLP, Fort Wayne, for Appellees–Plaintiffs.

dinance incorporates by reference ... the Building Codes of the State of Indiana.[1]

....

14. The Defendant, Crystal Rogers, is performing the construction work ... either by herself or through family members and relatives and no professional contractors are performing any substantial work thereon.

15. The structure upon which this work is being performed constitutes a private home and is therefore entitled to the benefit of the provisions of I.C. § 36–7–8–3(d).

....

17. The Noble County Building Code, namely 36–7–8 of the Code of Noble County as adopted by General Ordinance 1986–4 and 1988–10 adopts minimum housing standards as authorized by I.C. 36–7–8–4.

....

19. The construction being performed upon the structure on the Real Estate may be unsafe, dangerous, and not in compliance with the Noble County Building Code, and may fail to meet the minimum housing standards established therein.

## CONCLUSIONS OF LAW

....

3. General Ordinance 1986–4, General Ordinance 1988–10 and the County Building Code constitute building standards under I.C. 36–7–8–3 and minimum housing standards under I.C. 36–7–8–4.

....

7. The construction being performed by Crystal Rogers on the Real Estate is being performed without compliance with the provisions of I.C. 36–7–8–4 and Noble County General Ordinances 1986–4 and 1988–10 and Noble County Code 36–7–8.

8. The construction being performed by the Defendant without a building permit could constitute a dangerous condition to the citizens and inhabitants of Noble County and their visitors.

(R. 28–33, 45–47) (as amended). Rogers appeals this interlocutory order.[2]

### Discussion and Decision

■■■ The issuance of a preliminary injunction is a matter which lies within the sound discretion of the trial judge. *State Bd. of Public Welfare v. Watkins*, 459 N.E.2d 394, 396 (Ind.Ct.App.1984). The trial court's decision may be reversed on appeal only when the decision amounts to an abuse of discretion. *Id.* In determining whether the trial court abused its discretion, we look to the trial court's findings of fact required by Ind. Trial Rules 65 and 52. *Northern Indiana Pub. Serv. Co. v. Dozier*, 674 N.E.2d 977, 989 (Ind.Ct.App.1996). In determining whether an abuse of discretion exists, we determine whether the findings validly support the court's decision. *Id.*

■■■ Discretion to grant or deny an injunction is measured by several factors: (1) whether the plaintiff's remedies at law are inadequate, causing irreparable harm pending resolution of the substantive action; (2) whether the plaintiff has at least a reasonable likelihood of success at trial; (3) whether the plaintiff's threatened injury outweighs the potential harm to the defendant resulting from the granting of the injunction; and (4) whether the public interest will be disserved. *Fumo v. Medical Group of Michigan City, Inc.*, 590 N.E.2d 1103, 1108 (Ind.Ct.App. 1992), *trans. denied.* Rogers argues that the County did not meet its burden of showing it had no adequate remedy at law, showing that irreparable injury would occur, and showing that the injunction was in the public interest. However, when the acts sought to be en-

1. The Ordinance adopted by reference the Fire Prevention and Building Safety Commission rules of Title 675 of the Indiana Administrative Code, Articles 13–20, including the Indiana Building Code, the Indiana One and Two Family Dwelling Code, the Indiana Plumbing Code, the Indiana Electrical Code, the Indiana Mechanical Code, the Indiana Energy Conservation Code, and the Indiana Swimming Pool Code.

2. Because the TRO was issued after notice and a hearing at which both parties were present, we conclude the order is in fact a preliminary injunction properly appealable as an interlocutory order under Ind. Appellate Rule 4(B)(3). *Indiana State Dept. of Welfare, Medicaid Div. v. Stagner*, 410 N.E.2d 1348, 1349 n. 1 (Ind.Ct.App. 1980).

joined clearly are against the public interest, the plaintiff need show neither irreparable injury nor a balance of hardship in his favor. *DeMayo v. State ex rel. Dept. of Natural Resources,* 182 Ind.App. 241, 394 N.E.2d 258, 261 (1979). The evidence indicated that the construction work on Rogers's home may be unsafe and dangerous. The trial court concluded that this possible danger could extend to the general public. Construction of unsafe housing is against the public interest, but the trial court based its order on a finding that Rogers's construction may fail to meet minimum housing standards. Rogers contends that this finding is contrary to law.

The legislature has authorized Indiana counties to adopt ordinances regulating buildings in unincorporated areas by two distinct methods. First, Indiana Code Section 36–7–8–3 allows a county to adopt minimum standards for *all buildings:*

(a) The legislative body of a county having a county department of buildings or joint city-county building department may, by ordinance, adopt building, heating, ventilating, air conditioning, electrical, plumbing, and sanitation standards for unincorporated areas of the county. These standards take effect only on the legislative body's receipt of written approval from the fire prevention and building safety commission.

(b) *An ordinance adopted under this section must be based on occupancy, and it applies to:*

(1) the construction, alteration, equipment, use, occupancy, location, and maintenance of buildings, structures, and appurtenances that are on land or over water and are:

(A) erected after the ordinance takes effect; and

(B) if expressly provided by the ordinance, existing when the ordinance takes effect;

(2) conversions of buildings and structures, or parts of them, from one occupancy classification to another; and

(3) the movement or demolition of buildings, structures, and equipment for the operation of buildings and structures.

(c) The rules of the fire prevention and building safety commission are the minimum standards upon which ordinances adopted under this section must be based.[3]

(d) *An ordinance adopted under this section does not apply to private homes that are built by individuals and used for their own occupancy.*

(emphasis added). Second, Indiana Code Section 36–7–8–4 allows a county to adopt minimum standards for *housing:*

(a) The legislative body of a county having a county department of buildings or a joint city-county building department may, by ordinance, adopt minimum housing standards for unincorporated areas of the county. These standards must be consistent with the rules of the fire prevention and building safety commission.

(b) An ordinance adopted under this section applies to:

(1) residential buildings;

(2) residential parts of mixed occupancy buildings; and

(3) conversions of buildings from nonresidential to residential or partly residential.

The trial court found that though Rogers was entitled to the 36–7–8–3(d) exemption for a private home built by individuals, she was nonetheless subject to the Noble County Building Code because it was adopted pursuant to *both* 36–7–8–3 and 36–7–8–4. The trial court, in effect, concluded that the Noble County Building Code constitutes both minimum building standards and minimum housing standards.

Rogers and the County both rely upon *Robinson v. Monroe County,* 658 N.E.2d 647 (Ind.Ct.App.1995), *clarified on reh'g,* 663 N.E.2d 196 (Ind.Ct.App.1996), *trans. denied,* the only case discussing these statutes. In *Robinson,* another panel of this court held that 36–7–8–3(d)

---

**3.** Noble County in fact adopted the majority of the rules of the Fire Preventions and Building

Safety Commission. *See supra,* note 1.

represents an exception to the safety-oriented requirements set forth elsewhere in the statute and thus is contrary to the purpose of the statute. That is, exempting an individual from the requirements of obtaining authorization for proposed construction and subjecting the completed work to inspection and approval prior to permitting occupancy of the building runs contrary to the goal of ensuring safe buildings. Yet, Subsection (d) undeniably creates such an exception from the requirements set out in Section 3.

Therefore, exempting a person who wishes to build his own house from the requirements imposed pursuant to IC 36–7–8–3 of complying with construction specifications and obtaining permits allows that person to build a house even though he may not possess the skills or equipment to comply with technical specifications, and allows him to do so even if he is not able to afford to pay others to do the work.

. . . .

We note also that IC 36–7–8–3(d) only creates an exemption from the requirements set out in Section 3 and does not provide a similar exemption from the requirements set out in Section 4 concerning minimum housing standards and related ordinances. Accordingly, none of the discussion contained herein is applicable to any requirement set out in IC 36–7–8–4.

*Id.* at 650–52.

■ Though exempt from the requirements of Section 3, Rogers is not exempt from any minimum housing standards adopted by Noble County pursuant to Section 4. Thus, the issue becomes whether a county may adopt pursuant to Ind.Code § 36–7–8–4, the identical requirements adopted pursuant to Ind.Code § 36–7–8–3 and thus circumvent the 3(d) exemption.

It appears that the County considers minimum building standards and minimum housing standards to be one and the same, or nearly so. At the hearing, the County stated that "we're asking the Court for an order . . .

to permit [the building inspector] to come upon her premises to inspect it, to determine whether or not it's being . . . constructed, in compliance with minimum *building* standards." (R. 53) (emphasis added). When asked by the trial court about the difference in procedures between Ind.Code § 36–7–8–3 and § 36–7–8–4, the County stated that "the difference is that they don't have to comply with state zoning codes. There are minimum housing standards. That's the difference." (R. 73). It is clear that the County is confused about the difference between minimum building standards and minimum housing standards (and there are no *state* zoning codes). Also, at the conclusion of the hearing, the trial court commented on minimum housing standards: "But it does lower the standards. You don't have to meet the other higher standards of the State, it's just the minimum" (R. 79). Yet the County argues that its Ordinance 1988–10, and its predecessor Ordinance 1986–4, which adopt nearly the entirety of the State's building codes, were adopted pursuant to *both* Ind.Code § 36–7–8–3 and § 36–7–8–4 and are both minimum building standards and minimum housing standards. The County cannot have it both ways. If Rogers does not have to meet "the other higher standards of the State," just what does she have to meet?

The County seemed to admit this problem when it described what Rogers would be required to do: "she would need to, uh, apply for a building permit. . . . *At which point,* uh, the [building inspector] would . . . advise her of what the . . . minimum housing standards are." (R. 67) (emphasis added). To hold that Ind.Code § 36–7–8–4 allows a county to adopt the same requirements as Ind.Code § 36–7–8–3 would be to render the 3(d) exemption meaningless. Minimum housing requirements should be something less stringent than minimum building standards.[4] Section 3 applies to "construction, alteration, equipment, use, occupancy, location, and maintenance" while section 4 only applies to "residential buildings [and] . . . conversions

---

4. "For purpose of this rule (675 I.A.C. 12–10) minimum housing standards that prescribe minimum conditions for human habitation in *existing* dwellings that are *less stringent* than comparable standards for new construction, are not in conflict with the rules of the Commission." 675 I.A.C. 12–10–7 (emphases added).

of buildings from nonresidential to residential."

█ By enacting Ordinance 1988–10, Noble County adopted minimum standards pursuant only to Ind.Code § 36–7–8–3, from which Rogers is exempt. Because the ordinance adopts almost the entire body of rules of the Fire Prevention and Building Safety Commission, it cannot be considered a minimum housing standard. The County has not shown that separate minimum housing standards pursuant to Ind.Code § 36–7–8–4 have ever been adopted and we must conclude that none exist.

The finding of the trial court that the Noble County Building Code has been enacted pursuant to both Ind.Code § 36–7–8–3 and § 36–7–8–4 is erroneous. The finding of the trial court that Noble County Ordinance 1986–4 and 1988–10 adopts minimum housing standards as authorized by Ind.Code § 36–7–8–4 is also erroneous. We hold that the trial court abused its discretion in granting the temporary restraining order against Rogers and we order the same dissolved. Because Roger's motion for summary judgment is before the trial court, we also hold that Rogers is not required to allow an inspection of her residence, not required to obtain a building permit, and not required to comply with the Noble County Code because the County has not adopted minimum housing standards.[5]

Reversed.

DARDEN and RILEY, JJ., concur.

---

**5.** Accordingly, we need not decide whether Ind. Code § 36–7–8–4 allows a county to require building permits and inspections to enforce minimum housing standards. *See* Ind.Code § 36–7–8–10.