# FOR PUBLICATION

ATTORNEY FOR APPELLANTS:

**DALE W. ARNETT**
Winchester, Indiana

ATTORNEY FOR APPELLEE:

**LAURA L. MASER**
Beers Mallers Backs & Salin, LLP
Fort Wayne, Indiana

FILED
Jan 31 2013, 9:13 am
CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

HENRY WAGLER, BARB WAGLER, and )
HENRY & BARB WAGLER, LP, )
)
    Appellants-Defendants, )
)
        vs. )    No. 02A03-1206-PL-269
)
FORT WAYNE-ALLEN COUNTY )
DEPARTMENT OF HEALTH, )
)
    Appellee-Plaintiff. )

APPEAL FROM THE ALLEN CIRCUIT COURT
The Honorable Thomas J. Felts, Judge
Cause No. 02C01-0906-PL-79

**January 31, 2013**

**OPINION - FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Henry and Barb Wagler built their home in an unincorporated area of Allen County and had their own septic systems installed. The Fort Wayne-Allen County Department of Health ("the Department") petitioned for injunctive relief and moved for summary judgment, claiming that the Waglers were required to obtain a construction permit from the Department prior to installing their septic systems. The Waglers filed a cross-motion for summary judgment, claiming a statutory exemption from the permit requirement. The trial court entered summary judgment for the Department.

On appeal, the Waglers renew their statutory exemption argument. We conclude that the statute is inapplicable and therefore affirm the trial court.

**Facts and Procedural History**

The relevant facts are undisputed. The Waglers built their home in an unincorporated area of Allen County. Their limited partnership, Henry & Barb Wagler, LP, owns the home. In June 2008, the Waglers installed two septic systems on their property; one serves the main residence and the other serves a ranch house. Allen County Code Section 10-4-4-1 provides that a construction permit must be obtained from the Allen County health commissioner "prior to the commencement of any excavation, construction, modification or addition to any existing or new private sewage disposal system." The Waglers did not obtain a permit for their septic systems. The Department received a complaint about the Waglers' failure to obtain a permit and attempted to resolve the matter administratively, to no avail.

In June 2009, the Department filed a complaint against the Waglers and their limited partnership for injunctive relief and damages based on their failure to obtain a permit. The Department filed a motion for summary judgment. The Waglers filed a cross-motion for summary judgment, claiming that they were exempt from the permitting requirement pursuant to Indiana Code Section 36-7-8-3, which we address below. After a hearing, the trial court entered summary judgment for the Department. This appeal ensued.

## Discussion and Decision

The Waglers contend that the trial court erred in granting the Department's summary judgment motion. Our standard of review is well settled:

> When reviewing the grant or denial of summary judgment, this Court applies the same legal standard as a trial court: summary judgment is appropriate where no designated genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. The standard of review is not altered by cross motions for summary judgment on the same issues. A party appealing the denial of summary judgment carries the burden of persuading this Court that the trial court's decision was erroneous. Moreover, when the material facts are not in dispute, our review is limited to determining whether the trial court correctly applied the law to the undisputed facts; and, if the issue presented is purely a question of law, we review the matter de novo. In addition, our standard of review is not changed by the trial court's entry of findings of fact and conclusions thereon. Although the findings and conclusions provide valuable insight into the trial court's decision, they are not binding upon this Court.

*C.M.L. ex rel. Brabant v. Republic Servs., Inc.*, 800 N.E.2d 200, 202 (Ind. Ct. App. 2003) (citations omitted), *trans. denied* (2004).

As mentioned earlier, the Waglers claim that they are exempt from the permit requirement pursuant to Indiana Code Section 36-7-8-3, which reads in pertinent part as follows:

(a) The legislative body of a county having a county department of buildings or joint city-county building department may, by ordinance, adopt building, heating, ventilating, air conditioning, electrical, plumbing, and sanitation standards for unincorporated areas of the county. These standards take effect only on the legislative body's receipt of written approval from the fire prevention and building safety commission.

(b) An ordinance adopted under this section must be based on occupancy, and it applies to:

(1) the construction, alteration, equipment, use, occupancy, location, and maintenance of buildings, structures, and appurtenances that are on land or over water and are:

(A) erected after the ordinance takes effect; and

(B) if expressly provided by the ordinance, existing when the ordinance takes effect;

….

(c) The rules of the fire prevention and building safety commission are the minimum standards upon which ordinances adopted under this section must be based.

(d) An ordinance adopted under this section does not apply to private homes that are built by individuals and used for their own occupancy.

The Waglers argue that because they built their own home, the "sanitation standards" mentioned in subsection (a) of the statute do not apply to them pursuant to subsection (d), and thus the septic system permitting requirement of Allen County Code Section 10-4-4-1 does not apply to them.

We disagree. The rules of the fire prevention and building safety commission, found in Title 675 of the Indiana Administrative Code ("IAC"), do not govern the installation of

4

septic systems.[1]  That subject matter is governed by Title 16 of the Indiana Code and Title 410 of the IAC.  *See*, *e.g.*, Ind. Code § 16-19-3-4 ("(a) The executive board [of the state department of health] may, by an affirmative vote of a majority of its members, adopt reasonable rules on behalf of the state department [of health] to protect or to improve the public health in Indiana.  (b) The rules may concern but are not limited to the following:  … (3) The disposition of excremental and sewage matter."); 410 IAC 6-8.1-33 ("The owner or agent of the owner shall obtain a written permit, signed by the [local] health officer, for construction of a residential sewage system prior to:  (1) Construction of a residence or placement of a mobile home which will not be connected to a sanitary sewerage system.").[2]  Allen County Code Section 10-4-4-1 is consistent with this rule.  In sum, then, Indiana Code Section 36-7-8-3 does not apply.

We reached the same conclusion in *Washington County Health Department v. White*, 878 N.E.2d 224 (Ind. Ct. App. 2007), *trans. denied* (2008), on which the trial court relied in granting the Department's summary judgment motion.  In that case, the Whites placed two mobile homes on their property in an unincorporated area of the county and failed to obtain a

---

[1]  In support of its summary judgment motion, the Department pointed out that "[t]he Plumbing Codes at 675 IAC, Article 16 do not cover sewer, septic system, or other 'sanitary' installations.  The plumbing code addresses the appropriate means for a structure to be connected to such installations, but does not govern septic installations."  Appellants' App. at 162 (affidavit of Allen County Building Department Commissioner David O. Fuller).  We note that Title 675 of the IAC does not contain a separate "sanitation" code.

[2]  410 IAC 6-8.1-33, which was in effect when the Waglers installed their septic systems, was repealed with the rest of Rule 6-8.1 effective January 1, 2011.  It appears that 410 IAC 6-8.1-33 has been superseded by 410 IAC 6-8.3-53 ("(a) For any dwelling or place of residence that will not be connected to a sanitary sewerage system, the owner or agent of the owner shall obtain a written construction permit, signed by the health officer, for construction of a residential on-site sewage system prior to the:  (1) start of construction of a residence ….").

permit for their sewage discharge system. When the county health department asked to inspect their property, the Whites petitioned for injunctive relief and claimed that, pursuant to Indiana Code Section 36-7-8-3(d), "they were not required to obtain any sort of permit for their mobile homes." *Id*. at 225. The health department also petitioned for injunctive relief. The trial court denied both petitions.

On appeal, the health department argued that Indiana Code Section 36-7-8-3(d) was inapplicable "because the Whites did not build the mobile homes placed on the property." *Id*. at 228. We agreed with the health department on this point and then observed,

> In a way, the question whether the Subsection (d) exception applies is a sidetrack to the fundamental issue here, which is whether the Whites must comply with the requirements of Indiana's Health Code ("Health Code") contained in Title 16 of the Indiana Code. We have already determined that the Whites do not fall within the Subsection (d) exception, and because of this, we conclude that they are bound to comply with the Health Code regulations, specifically, 410 IAC 6–8.1–33, which required them to obtain a permit for a sewage disposal system prior to placing the mobile homes on their property. As such, the trial court abused its discretion by denying [the health department's] petition for injunctive relief.

> However, even if we had determined that the Whites satisfied the Subsection (d) exception, they still would have been required to comply with the Health Code regulations. The trial court took a contrary position. It viewed the Subsection (d) exception as a global exception that exempts individuals not only from the requirements set out in Indiana Code § 36-7-8-3, but also the requirements of the Health Code. The trial court's view of the scope of the Subsection (d) exception is too broad.

> In *Robinson* [*v. Monroe County*, 658 N.E.2d 647 (Ind. Ct. App. 1995), *clarified on reh'g*, 663 N.E.2d 196 (1996), *trans. denied* (1996)], we noted that

>> Subsection (d) represents an exception to the safety-oriented requirements set forth elsewhere in the statute [Indiana Code § 36-7-8-3] and thus is contrary to the purpose of the statute. That is, exempting an individual from the requirements of obtaining

6

authorization for proposed construction and subjecting the completed work to inspection and approval prior to permitting occupancy of the building runs contrary to the goal of ensuring safe buildings.

658 N.E.2d at 650-51. In questioning why the Subsection (d) exception was created, we pointed out that

[i]n its early stages, this country's frontier was moved westward by pioneers who moved onto land and built houses made from the materials at hand. Since then, home owning has become an essential facet of the "American dream". It may be argued that ordinances such as those contemplated by IC 36-7-8-3, which establishes construction specifications and require permits and inspections for residential construction projects, interfere with the ability of some individuals to build their own home and thus to pursue the American dream.

*Id*. at 651. We determined that

exempting a person who wishes to build his own house from the requirements imposed pursuant to IC 36-7-8-3 of complying with construction specifications and obtaining permits allows that person to build a house even though he may not possess the skills or equipment to comply with technical specifications, and allows him to do so even if he is not able to afford to pay others to do the work.

*Id*. Nevertheless, we concluded that the Subsection (d) exception "only creates an exemption from the requirements set out in [Indiana Code § 36-7-8-3] and does not provide a similar exemption from the requirements set out in [Indiana Code § 36-7-8-4] concerning minimum housing standards and related ordinances." *Id*. at 652.

We agree with the *Robinson* court's conclusion that the Subsection (d) exception is a limited exception only exempting an individual from the requirements of Indiana Code § 36-7-8-3. The Health Code and Indiana Code § 36-7-8-3 regulate different subject matters. The reasons discussed in *Robinson* for exempting an individual from the requirements of Indiana Code § 36-7-8-3 do not apply with regard to exempting an individual from the requirements of the Health Code. The trial court erred in concluding that an individual who satisfies the Subsection (d) exception is exempt from the

7

Health Code requirements. The Whites were required to obtain a permit for a sewage disposal system prior to placing the mobile homes on their property. *See* 410 IAC 6-8-1-33(a)(1). Therefore, the trial court abused its discretion when it denied [the health department's] petition for injunctive relief.

*Id*. at 229-30.

In this case, the Waglers' counsel, who also represented the Whites, contends that the *White* court erred in concluding that Indiana Code Section 36-7-8-3(d) "does not apply with regards to exempting individuals from the requirements of the Health Code." Appellants' Br. at 3. For the reasons given above, we disagree and therefore affirm the trial court's ruling.

Affirmed.

KIRSCH, J., and MATHIAS, J., concur.