In the Matter of the ESTATE OF David K. CHIESI, Appellant,

v.

FIRST CITIZENS BANK, N.A., Appellee.

No. 64A03–9207–CV–228.

Court of Appeals of Indiana, Third District.

Nov. 30, 1992.

**4**

Richard J. Rupcich, Blachly, Tabor, Bozik & Hartman, Valparaiso, for appellant.

Rebecca H. Fischer and Lewis C. Laderer, Jr., Butler, Simeri, Konopa & Laderer, P.C., South Bend, for appellee.

GARRARD, Judge.

### I. Facts and Procedural History.

David and Linda Chiesi were legally married. They had two children, Kimberly and Christopher. Christopher is a minor and his estate is represented in this proceeding by Thomas Macke who was appointed as guardian by the Porter Superior Court.

David acquired two life insurance policies and had Linda named as the sole beneficiary in each policy. No secondary beneficiaries were named. The life insurance policies were issued by Reliance Standard Life Insurance Company and Metropolitan Life Insurance Company.

David died on February 11, 1990 leaving Linda, Kimberly and Christopher as his heirs at law. Linda was convicted of murdering David on May 24, 1990.

Pursuant to a court order both of the above named insurance companies paid the proceeds from David's life insurance policies to the clerk of the court who placed those proceeds into an interest bearing account. The proceeds totaled over $120,-000.00.

Christopher filed a petition for Release and Distribution of Funds on August 20, 1991. He and Kimberly argued in favor of this petition and filed a memorandum in support on October 25, 1991. First Citizen's Bank, a claimant upon the estate, filed a response. On April 8, 1992 the Porter Superior Court ordered the proceeds of the two policies to pass to David's estate. However, anticipating this interlocutory appeal, the court ordered the clerk to stay any transfer of funds. Christopher and Kimberly filed their praecipe on May 6, 1992.

### II. Issues Presented.

Christopher and Kimberly present two issues for appeal:

1) Whether the decedent's life insurance proceeds are afforded the protection of IC 27-1-12-14(c).

2) Whether the decedent's life insurance proceeds pass to his estate when the named beneficiary of the life insurance policy has murdered the decedent and thereby become a constructive trustee of the proceeds.

## III. Analysis and Conclusion.

### A. IC 27–1–12–14(c).

A beneficiary to a life insurance policy is named a constructive trustee to the proceeds of that policy when she is convicted of murdering the person upon whose life the policy is held. IC 29–1–2–12.1(a). This case concerns the effect that naming a beneficiary a constructive trustee has on the credit exempt status of the proceeds. IC 27–1–12–14(c) reads in pertinent part that:

All policies of life insurance upon the life of any person, which name as beneficiary, ... the spouse ... shall be held ... for the benefit of such spouse ..., free and clear from all claims of the creditors of such insured person or of the person's spouse; and the proceeds or avails of all such life insurance shall be exempt from liabilities from any debt or debts of such insured person or of the person's spouse.

IC 27–1–12–14(c).

■ In interpreting a statute, we are guided by the language of the statute and the legislative intent which we ascertain from it. *City of Indianapolis v. Evans* (1940) 216 Ind. 555, 24 N.E.2d 776. In this instance, both the language and intent are clear. The proceeds of a life insurance policy are exempt from creditors' claims when the policy names a spouse as beneficiary and those proceeds are held for the benefit of that spouse.[1] The public policy brought to life in this statute is an effort to protect beneficiaries, reliant on the proceeds of the insurance policy for their well being, from the claims of the decedent's creditors. A balance was struck between the desire to protect the decedent's loved ones, and the need to protect the rightful claims of decedent's creditors. That bal-

ance was reached by allowing certain named beneficiaries to receive protection.

■ In this instance, the named beneficiary has violated the public policy by murdering the policy holder. It is a long held rule in Indiana that an individual should not be allowed to profit from her wrongdoing. Such is the case here. The beneficiary has forfeited all rights she had under the insurance policy when she murdered the holder. *New York Life Ins. Co. v. Henriksen* (1981), Ind.App., 415 N.E.2d 146, 147, *reh. denied.* In forfeiting her rights under the policy, the spouse has lost the protection provided by this statute.

By virtue of being convicted of murdering David, Linda has forfeited her rights to the proceeds. Her forfeiture results in a loss of the exemption.

### B. Disposition of the Proceeds.

The final disposition of these proceeds is controlled by the constructive trust statute. Paragraph (c) of that section states:

If a constructive trust is established under this section, the property that is subject to the trust may be used only to benefit those persons, other than the constructive trustee, legally entitled to the property, determined as if the constructive trustee had died immediately prior to the decedent....

IC 29–1–2–12.1(c). The issue becomes, who are those persons who would have been legally entitled to the proceeds if Linda had predeceased David?

■ In the event that the beneficiary murders the insured, Indiana has adopted a special rule of distribution for the proceeds which is set out in *Henriksen*. The *Henriksen* court adopted the American Law Institute rule which states that:

"If the beneficiary of a life insurance policy murders the insured, he holds his interest under the policy upon a constructive trust for the estate of the insured."

*Henriksen* at 148, quoting The American Law Institute Restatement of the Law of

---

1. For clarity's sake, it should be noted that the statute also provides this creditor exemption when the life insurance policy names as a bene-

ficiary, or is assigned to: children, dependent relatives, or creditors. IC 27–1–12–14(c).

Restitution, § 189(1).[2] In accord with the *Henriksen* rule, the proceeds are properly distributed to his estate.

The trial court's ruling is affirmed.

HOFFMAN and STATON, JJ., concur.

---

2. *Henriksen* outlined three instances in which the insurer was relieved of all liability: "1) where the policy provides that the death of the insured in such a fashion shall be an excepted risk; 2) where the policy is fraudulent in its inception; and 3) where no one except the beneficiary or one claiming through him has an interest in the policy." *Id.* at 148. Christopher and Kimberly do not argue that any of these exceptions apply, nor does it appear from the record that they do.