In the Matter of the ESTATE OF
David K. CHIESI, Appellant,

v.

FIRST CITIZENS BANK, N.A., Appellee.

No. 64S03–9304–CV–472.

Supreme Court of Indiana.

April 27, 1993.

Richard J. Rupcich, Roger A. Weitgenant, Valparaiso, for appellant.

Rebecca H. Fischer, Lewis C. Laderer, Jr., South Bend, for appellee.

SHEPARD, Chief Justice.

When one spouse kills another, where do the life insurance proceeds go? The trial court and the Court of Appeals correctly held that they go to the estate of the deceased.

David Chiesi owned two life insurance policies on which his wife Linda Chiesi was the sole beneficiary. David Chiesi died on February 11, 1990, at the hands of his wife, who was later convicted for the murder. Chiesi left three heirs at law: his wife Linda, his daughter Kimberly A. Chiesi, an adult, and his minor son Christopher M. Chiesi.

The insurance companies which issued the policies paid the proceeds into court. Christopher Chiesi's guardian petitioned the court to distribute those proceeds directly to Christopher and Kimberly Chiesi, contending that they should not be available to the creditors of the estate. One of the creditors of David's estate, First Citizens Bank, objected to the distribution, asserting that the proceeds should be part of the assets of the estate subject to probate. The trial court denied the petition, and the Court of Appeals affirmed. *Estate of Chiesi v. First Citizens Bank* (1992), Ind. App., 604 N.E.2d 3. We grant transfer.

■ The Court of Appeals correctly noted that when a named beneficiary murders a policy holder, the beneficiary forfeits whatever rights he or she had under the policy. The beneficiary is deemed to hold the proceeds of the policy in constructive trust for the estate of the deceased. *New York Life Ins. Co. v. Henriksen* (1981), Ind.App., 415 N.E.2d 146. This rule is codified as follows:

> A person is a constructive trustee of any property that is acquired by him or that he is otherwise entitled to receive as a result of a decedent's death, if that person has been found guilty ... of murder ... because of the decedent's death.

Ind.Code Ann. § 29–1–2–12.1(a) (West Supp.1992).

The Court of Appeals correctly noted that this case thus turns on subsection (c) of the same section, which says in part:

> If a constructive trust is established under this section, the property that is subject to the trust may be used only to benefit those persons, other than the constructive trustee, legally entitled to the property, determined as if the constructive trustee had died immediately before the decedent.

The Court of Appeals further explained why the disposition of these proceeds is governed by this statute rather than by a part of the Code designed to assure that life insurance proceeds will flow to a spouse who is a beneficiary without possible attachment by creditors. Ind.Code Ann. § 27–1–12–14(c).

We adopt the opinion of the Court of Appeals pursuant to Ind. Appellate Rule 11(B)(3) and affirm the judgment of the trial court.

GIVAN and KRAHULIK, JJ., concur.

DeBRULER, J., dissents with separate opinion in which DICKSON, J., concurs.

DeBRULER, Justice, dissenting.

The record here is quite clear, and indeed the bank concedes, that David Chiesi named his spouse Linda Chiesi as sole beneficiary of these two life insurance policies. The exemption statute provides:

> All policies of life insurance ... which name as beneficiary ... the spouse ... shall be held ... free and clear from all claims of the creditors of such insured person ... and the proceeds or avails of all such life insurance shall be exempt from all liabilities from any debt or debts of such insured person ...

I.C. 27–1–12–14(c). Clearly, all life insurance policies, having the particular characteristics required by this statute, as well as the proceeds paid pursuant to such policies, are exempt. The two policies owned by David Chiesi, as well as their proceeds, have the necessary class characteristics. Therefore, the two policies in the hands of their owner David Chiesi were exempt, as are the proceeds of the two policies. I would order the proceeds paid to the heirs of David encapsulated in this exemption, as they are the persons legally entitled to them.

DICKSON, J., concurs.