**GEO. PFAU'S SONS COMPANY, INC., Appellant–Plaintiff,**

v.

**James Andrew NEAL, Jeffrey Allan Neal, Gerri Angela Cooper, Joseph Anthony Neal and The Estate of James E. Neal, Appellees–Defendants.**

No. 10A04–9512–CV–507.

Court of Appeals of Indiana.

May 10, 1996.

Sandra L. Heeke, Smith, Bartlett, Heeke, Carpenter & Lewis, Jeffersonville, for Appellant.

Michael M. Maschmeyer, Maschmeyer & Maschmeyer, Jeffersonville, for Appellees.

**OPINION**

RILEY, Judge.

Plaintiff–Appellant George Pfau's Sons Company, Inc. (Pfau) appeals the trial court's

judgment in favor of Defendants–Appellees James Andrew Neal, Jeffrey Allan Neal, Gerri Angela Cooper, Joseph Anthony Neal, and the Estate of James E. Neal (collectively, the Estate).

We affirm.

## ISSUE

Pfau raises one issue for our review: whether the trial court erred in ordering an annuity payable under a qualified pension plan to be paid to the spouse as the constructive trustee for the Estate.

## FACTS AND PROCEDURAL HISTORY

On March 4, 1993, James E. Neal, age 47, was murdered. Beneta Neal, his surviving spouse, was subsequently convicted of the murder. At his death, Mr. Neal was employed by Pfau and had been so for over twenty-four years. Mr. Neal was vested under the Pfau qualified pension retirement plan (the Plan), which provided that a preretirement annuity be paid to the surviving spouse. Mr. Neal also had a 401k plan with the company.

An estate was initially opened for Mr. Neal by Beneta. Beneta was subsequently removed as personal representative, and James A. Neal was named the successor personal representative.

On September 14, 1994, Pfau filed a complaint for declaratory judgment stating that it wished to pay the 401k funds into the trial court for distribution to either Beneta or the Estate. The complaint also stated that Pfau did not wish to pay the spouse survivorship annuity because it did not believe that Beneta could receive the benefits under the language of the Plan or IND. CODE 29–1–2–12.1.[1] The trial court ruled that the spouse survivorship annuity be paid by Pfau to Beneta, as surviving spouse. The trial court further ruled that Beneta was a constructive trustee of the annuity for the benefit of the Estate under I.C. 29–1–2–12.1.

Pfau now appeals.

## DISCUSSION AND DECISION

■ Pfau contends that the trial court incorrectly interpreted I.C. 29–1–2–12.1 to override the express language of the Plan. Pfau argues that the Plan provides that the annuity is to be paid only to the surviving spouse, not to any contingent beneficiaries. Pfau cites to Section 12 of the Plan, which provides that "it shall be impossible, at any time, for any part of the Trust to revert to the Employer or to be used for, or diverted to, purposes other than the exclusive benefit of Participants [Mr. Neal] and Beneficiaries [Beneta]." (R. 76).

Our examination of the Plan reveals that the annuity is to be paid to a spouse (Beneta) who survives the Plan participant (Mr. Neal). The Plan makes no provision for withholding the annuity from a surviving spouse who murders a Plan participant. Because Beneta was still alive at the time of Mr. Neal's death, she was eligible to receive the annuity under the Plan. Pfau's obligation to pay the annuity to Beneta arises from the language of the Plan, and the obligation is not extinguished by her wrongdoing.

■ Furthermore, Pfau's obligation to pay the annuity is not extinguished by I.C. 29–1–2–12.1. Subsection (a) of the statute establishes the wrongdoer as the constructive trustee of the benefits she is entitled to receive; it does not relieve potential payers of the obligation to pay such benefits. Subsection (c) establishes the rights of others after the constructive trust is established.

---

1. The statute provides:
   (a) A person is a constructive trustee of any property that is acquired by him or that he is otherwise entitled to receive as a result of a decedent's death, if that person has been found guilty, or guilty but mentally ill, of murder, causing suicide, or voluntary manslaughter, because of the decedent's death....

   \*   \*   \*   \*   \*   \*

   (c) If a constructive trust is established under this section, the property that is subject to the trust may be used only to benefit those persons, other than the constructive trustee, legally entitled to the property, determined as if the constructive trustee died immediately before the decedent....

The statute does not change the offender's entitlement to benefits; it changes the distribution of the benefits once the offender receives them. *See Estate of Chiesi v. First Citizens Bank,* 604 N.E.2d 3 (Ind.Ct.App. 1992), *adopted in* 613 N.E.2d 14 (Ind.1993) (holding that I.C. 29–1–2–12.1(c) is a special rule of distribution authorizing payment of benefits to the estate of an insured murdered by his spouse); *New York Life Ins. Co. v. Henriksen,* 415 N.E.2d 146 (Ind.Ct.App. 1981), *reh'g denied,* 421 N.E.2d 1117 (holding that the beneficiary of a life insurance policy holds his interest under the policy upon a constructive trust for the estate of the insured).

Pfau argues that subsection (c) must be read to prohibit payment of the spousal annuity in the present case. Pfau reasons that the Estate cannot receive the annuity as it was not "legally entitled to the property, determined as if the constructive trustee had died immediately before the decedent...."

Pfau's reading of the subsection (c) ignores its introductory language. Under subsection (c), the surviving spouse receives the benefit as the constructive trustee, and then the rest of the subsection applies to distribute the benefits to those legally entitled to the property. In *Chiesi,* we determined that the persons legally entitled to the property are those who take under the estate of the murdered party.

Pfau also contends that the trial court's judgment is erroneous because it does not comply with the dictates of the Internal Revenue Code. Pfau's contention is based on an I.R.S. letter ruling.

I.R.S. letter rulings are not authoritative, and are not binding on this court. *Office of Public Counsellor v. Indiana and Mich. Elec. Co.,* 416 N.E.2d 161, 173 n. 14 (Ind.Ct.App.1981). Even if the cited ruling was authoritative, it would not support Pfau's contention. The letter ruling did authorize the application of state law to disqualify wrongdoers from receiving spousal benefits. However, the state law applied was significantly different than our statute as it provided simply that a wrongdoer could not be paid any benefits. The law applied did not provide for payment to the wrongdoer coupled with the creation of a constructive trust.

### CONCLUSION

The trial court did not err in ordering Pfau to pay the spousal annuity to Beneta as constructive trustee. Furthermore, the trial court did not err in ordering distribution to the Estate.

Affirmed.

DARDEN and RUCKER, JJ., concur.