Brad C. ANGLETON, Appellant–
Petitioner,

v.

ESTATE OF Cheryl Ann ANGLETON,
Deceased; Shirley Adkins, Adminis-
tratrix, Appellee–Respondent.

No. 49A05–9510–CV–413.

Court of Appeals of Indiana.

Oct. 22, 1996.

Brad C. Angleton, Michigan City, Pro Se.[1]

John V. Commons, Indianapolis, for Appellee–Respondent.

## OPINION

BAKER, Judge.

Appellant-petitioner Brad C. Angleton appeals the order of the Marion Probate Court denying his claim against the Estate of Cheryl Ann Angleton, Shirley Adkins, Administratrix (Estate) and declaring him a constructive trustee of property he was entitled to receive due to the death of his wife, Cheryl Angleton. Brad raises numerous issues for review, which we combine and restate as: 1) whether the probate court erred in declaring him a constructive trustee; 2) whether the court erred in refusing to disqualify the attorney for the Estate; and 3) whether the court erred in refusing to stay the estate proceedings.

### FACTS

On April 9, 1993, Cheryl Ann Angleton died intestate. At the time of her death, Cheryl owned two life insurance policies. The first policy, with ITT Hartford Life Insurance Companies, had a value of $300,000 and listed Brad C. Angleton as the beneficiary. The second policy, with Secura Life, had a value of $100,000 and listed Brad C. Angle-

---

1. Although Brad refers to himself in his brief as an Indianapolis attorney, Appellant's Brief at xi, xiv, we note that our Supreme Court accepted his resignation from the bar of this State in *Matter of Angleton*, 642 N.E.2d 1367 (Ind.1994).

ton as the primary beneficiary and Cheryl's brother, Harold M. Adkins, as the contingent beneficiary.

On April 27, 1994, Brad was convicted of murdering Cheryl and, on July 12, 1994, sentenced to fifty-five years imprisonment.[2] On July 19, 1994, an estate was opened by Shirley Adkins, Cheryl's mother, who requested that she be appointed personal representative of the Estate. The attorney for the Estate, John V. Commons, was previously involved in Brad's prosecution for Cheryl's death. In October 1994, ITT Hartford paid the proceeds of its policy into the Estate. Thereafter, on December 16, 1994, Brad filed a claim against the Estate arguing that he was entitled to the Estate assets as beneficiary of the policy. Brad also filed claims seeking a trial on the underlying facts of the murder, a declaration of his rights, the disqualification of the Estate attorney and the Administratrix and a stay of the distribution of the Estate property.

On February 12 and September 12, 1995, the probate court held a hearing on Brad's claims. During the hearing, the Estate presented evidence to establish that Brad had been convicted of Cheryl's death, including certified copies of Brad's indictment and the abstract of judgment. At the conclusion of the Estate's evidence, Brad moved for judgment on the evidence, which the court denied. On September 18, 1995, the court entered its order denying Brad's requests to have the Estate attorney disqualified and to stay the proceedings and declaring Brad a constructive trustee of any property he would have received as a result of Cheryl's death.

2. Brad's appeal of his criminal conviction, Cause No. 49S00-9411-CR-1049, is currently pending on direct appeal before the Indiana Supreme Court.

3. Pro se litigants must follow the rules of appellate procedure. *Foster v. Adoption of Federspiel*, 560 N.E.2d 691, 692 (Ind.Ct.App.1990). Thus, we remind Brad that the rules require briefs to be double spaced, except in the case of quoted material, and no longer than fifty pages, unless a longer brief is permitted by the court. Ind.Appellate Rule 8.2(A)(1), (4). Although Brad requested and received the court's permission to file a sixty-one page brief, his brief far exceeded

## DISCUSSION AND DECISION [3]

### I. Constructive Trustee

First, Brad challenges the probate court's determination that he is a constructive trustee of the property he would have received due to Cheryl's death. Brad raises nine issues regarding the probate court's order, which we separate into two general categories: 1) whether the constructive trust statute, IND. CODE § 29-1-2-12.1, is applicable to the Estate; and 2) whether the trial court erred in refusing Brad's request to introduce evidence of his culpability prior to his adjudication as a constructive trustee.

### A. Constructive Trust Statute

First, we address Brad's argument that the constructive trust statute is inapplicable to the Estate. The relevant part of I.C. § 29-1-2-12.1 provides as follows:

(a) A person is a constructive trustee of any property that is acquired by him or that he is otherwise entitled to receive as a result of a decedent's death, if that person has been found guilty, or guilty but mentally ill, of murder, causing suicide, or voluntary manslaughter, because of the decedent's death. A judgment of conviction is conclusive in a subsequent civil action to have the person declared a constructive trustee.

(b) A civil action may be initiated to have a person declared a constructive trustee of property that is acquired by him, or that he is otherwise entitled to receive, as a result of a decedent's death, if:

(1) the person has been charged with murder, causing suicide, or voluntary

sixty-one pages in that he failed to number his statement of the case and statement of the facts. The Appellate Rules clearly contemplate these sections as part of the appellant's brief. *See* Ind.Appellate Rule 8.3(A). Flagrant violation of the appellate rules may constitute waiver of an appeal. However, because we prefer to decide a case upon its merits, we will exercise our discretion to reach the merits when violations are comparatively minor. *Haimbaugh Landscaping, Inc. v. Jegen*, 653 N.E.2d 95, 99 (Ind.Ct.App. 1995), *trans. denied*. We exercise such discretion here.

manslaughter, because of the decedent's death; and

(2) the person has been found not responsible by reason of insanity at the time of the crime.

If a civil action is initiated under this subsection, the court shall declare that the person is a constructive trustee of the property if by a preponderance of the evidence it is determined that the person killed or caused the suicide of the decedent.

According to Brad, the probate court did not have the authority to adjudicate him a constructive trustee because the statutory preconditions to initiating a civil action, specifically those listed in I.C. § 29–1–2–12.1(b)(1) and (2), have not been met. Further, Brad claims that no cause of action to declare him a constructive trustee was ever initiated by the Estate. Finally, Brad argues that even if the statute is applicable, the trial court erred in determining that the statute precludes Brad from receiving any of the Estate property.[4]

■ Brad correctly interprets I.C. § 29–1–2–12.1(b) to require that a person be charged with murder, causing suicide or voluntary manslaughter and found not responsible by reason of insanity as a prerequisite to initiating a civil action to declare a person a constructive trustee. However, I.C. § 29–1–2–12.1(b) is inapplicable to the instant case. Instead, the probate court declared Brad a constructive trustee pursuant to I.C. § 29–1–2–12.1(a), which provides that a person is a constructive trustee if he or she has been found guilty or guilty but mentally ill of murder, causing suicide or voluntary manslaughter. Brad's interpretation of the statute would render I.C. § 29–1–2–12.1(a) meaningless and is clearly not in keeping with the legislature's intent. See *Willis v. State*, 492 N.E.2d 45, 47 (Ind.Ct.App.1986) (where possible, every word in statute must be given effect and meaning; no part is held meaningless if it can be reconciled with rest of statute).

■ Additionally, we reject Brad's argument that the probate court was without authority to declare him a constructive trustee because no civil action was initiated by the Estate for this purpose. Here, in her petition to open the Estate, Adkins sought to be declared the Estate's personal representative on the basis that the "spouse has forfeited rights having been convicted of murdering the decedent under Cause no. 49G03–9309–CR–111404." R. at 5. Thereafter, Brad filed claims challenging the court's appointment of Adkins as the personal representative and seeking the proceeds of the Estate, which the Estate disallowed. R. at 23. At that time, a controversy arose over Brad's status as constructive trustee. The hearing on the disallowance of Brad's claim against the Estate constituted a civil action and, as a result, the probate court had the authority to conduct proceedings to declare Brad a constructive trustee. See IND. CODE § 29–1–14–21 (person who claims interest in Estate property may file petition with court and case shall be set for trial and tried as ordinary civil action).

■ Finally, Brad argues that the probate court erred in determining that I.C. § 29–1–2–12.1 precluded him from receiving the proceeds of Cheryl's insurance policies. Specifically, Brad contends that pursuant to *Geo. Pfau's Sons Co., Inc. v. Neal*, 665 N.E.2d 68 (Ind.Ct.App.1996), a probate court must first order the insurance proceeds paid to Brad and, then, declare those proceeds subject to a constructive trust. We disagree.

In *Geo. Pfau's Sons*, a company refused to pay a survivorship annuity because the recipient of that annuity had been convicted of her husband's murder. The company claimed it could not pay the annuity benefits to the surviving spouse because of I.C. § 29–1–2–12.1 but that it could not pay the benefits to the Estate because the plan provided that benefits could only be paid to a surviving spouse. This court held that in providing

---

**4.** Brad presented his final argument regarding the operation of I.C. § 29–1–2–12.1 for the first time in his motion for leave to amend his appellate brief to cite additional authority. Although such a motion may not be used to raise arguments in addition to those presented in the appellate brief, Ind.Appellate Rule 8.4(B), we will address Brad's argument in the interests of judicial economy.

that a wrongdoer is the constructive trustee of benefits she is entitled to receive, I.C. § 29–1–2–12.1 does not relieve potential payers of the obligation to pay such benefits. *Id.* at 69, 70. Instead, the statute merely changes the distribution of the benefits once the offender receives them. *Id.*

Clearly, the intent of this court in *Geo. Pfau's Sons* was to ensure that benefits due a surviving spouse were not extinguished due to the spouse's wrongdoing. The intent was not to require that benefits be delivered into a wrongdoer's hands only to pass, later, to the remaining beneficiaries. Such an interpretation would have no purpose, as the wrongdoer's possession of the money would be fleeting. In fact, such an interpretation could possibly generate future problems as wrongdoers would be tempted to disrupt the flow of the money to the ultimate beneficiaries. We cannot countenance such a result. Thus, we find no error in the probate court's application and implementation of the constructive trust statute.[5]

### B. Evidence of Culpability

■ Next, Brad contends the probate court erred in refusing to allow him to present evidence regarding his culpability for Cheryl's death during the constructive trustee proceedings. During the hearing, the Estate presented certified copies of the grand jury's indictment of Brad and the abstract of judgment as proof of Brad's conviction for murder. R. at 380–81. The court denied Brad's request to present evidence on the underlying facts of the conviction. R. at 208, 389. Thereafter, the probate court found the Estate's evidence to be conclusive and declared Brad a constructive trustee. R. at 388–90. Brad argues the court erred for the following reasons:

1) a judgment of conviction is not conclusive pursuant to I.C. § 29–1–2–12.1 for purposes of declaring Brad a constructive trustee;

2) the court erroneously based its declaratory judgment that Brad is a constructive trustee on determinations of material issues of fact without a trial;

3) the court's ruling violated Ind.Trial Rules 43(A) and (G);

4) the court's ruling violated IND. CODE §§ 34–4–10–4 and 34–4–10–9;

·5) the court's ruling operated as an impermissible collateral estoppel;

6) I.C. § 29–1–2–12.1 is improper because it is in contravention of IND. CODE § 34–3–18–1; and

7) the court erred in denying Brad's motion for judgment on the evidence at the close of the Estate's presentation of evidence because the Estate failed to demonstrate Brad's culpability for the death of his wife.

Because many of Brad's issues overlap, we will address his arguments collectively.

I.C. § 29–1–2–12.1(a) provides in pertinent part: "A judgment of conviction is conclusive in a subsequent civil action to have the person declared a constructive trustee." Despite the unambiguous language of this section, Brad argues that, pursuant to *Kimberlin v. DeLong*, 637 N.E.2d 121 (Ind.1994), *cert. denied,* —— U.S. ——, 116 S.Ct. 98, 133 L.Ed.2d 53 (1995), the judgment of conviction is not conclusive, but merely admissible, to prove his culpability.

In *Kimberlin*, the victims of a bombing filed a civil action against the convicted bomber for personal injuries and wrongful death. The victims moved for summary judgment on the issue of Kimberlin's liability, submitting certified copies of Kimberlin's indictment, verdict and judgment of conviction from his criminal trial. The trial court granted the motion. On appeal, the supreme court examined IND. CODE § 34–3–18–1, which provides in relevant part:

Evidence of final judgment, entered after a trial or upon a plea of guilty, adjudging a

---

5. Brad also challenges the probate court's finding in its order declaring him a constructive trustee that the insurance proceeds were not before the court and that it made no findings or rulings regarding those policies. Brad contends that the court erred because its ruling did concern those insurance proceeds. Brad is incorrect. The probate court's order determined solely that Brad was a constructive trustee for property he was entitled to receive due to his wife's death. The order did not direct the insurance companies to pay policy proceeds directly to the Estate, although that is a likely result of the probate court's order.

person guilty of a crime punishable by death or imprisonment in excess of one (1) year, shall be admissible in any civil action to prove any fact essential to sustaining the judgment, and is not excluded from admission as hearsay regardless of whether the declarant is available as a witness.

The *Kimberlin* court held that although the evidence of a final judgment would be admissible in a subsequent civil action, the evidence could not be conclusive of the factual issues determined by the criminal judgment. *Id.* at 124.

Pursuant to *Kimberlin,* Brad contends the probate court erred in basing its determination that Brad is a constructive trustee solely on his indictment and the abstract of judgment. However, *Kimberlin* is distinguishable from the present situation.

In *Kimberlin,* the action focused on Kimberlin's liability for damages in a civil action. The victims sought to introduce Kimberlin's criminal conviction as conclusive proof of the facts surrounding the bombing in order to establish the elements of the wrongful death action and, consequently, Kimberlin's liability. In contrast, the Estate did not need to prove the facts established by the criminal conviction to find Brad a constructive trustee. Instead, the Estate was merely required to prove that Brad had, in fact, been convicted of murder or causing suicide. *See* I.C. § 29–1–2–12.1 (person is constructive trustee of property *if person has been found guilty of murder* because of decedent's death) (emphasis added). The abstract of judgment, which provides that Brad was convicted of murder for Cheryl's death, is sufficient to make this showing.[6] Evidence of Brad's culpability, therefore, is irrelevant to the constructive trustee proceedings and the trial court correctly refused Brad's request to present such evidence. *See* Ind.Evidence Rule 401 (relevant evidence is evidence having tendency to make fact of consequence to

determination of action more or less probable).[7]

Next, we turn to Brad's contention that the trial court's acceptance of the abstract of judgment as proof of his conviction amounted to an impermissible collateral estoppel. Collateral estoppel may bar the subsequent re-litigation of the same fact or issue which was necessarily adjudicated in a prior lawsuit. *Sullivan v. American Casualty Co.,* 605 N.E.2d 134, 137 (Ind.1992). If collateral estoppel applies, the previous judgment is conclusive regarding those issues actually litigated and determined therein. *Hood v. G.D.H. By Elliott,* 599 N.E.2d 237, 239 (Ind.Ct.App.1992). The key in determining whether collateral estoppel applies is whether the party who is sought to be estopped had a full and fair opportunity to litigate the issue in the former proceeding.

We note that the doctrine of collateral estoppel is technically inapplicable to the present situation in that Brad was not estopped from re-litigating the facts or issues of his criminal trial; rather, those facts and issues were not relevant to the constructive trustee proceedings. Nevertheless, we believe that the provision in I.C. § 29–1–2–12.1 providing that a judgment of conviction is conclusive in an action to have a person declared a constructive trustee contemplates collateral estoppel. In a criminal trial, a defendant is given the opportunity to defend himself, as Brad did here. Further, a criminal conviction requires proof of guilt beyond a reasonable doubt. This difficult standard of proof protects a defendant against unlawful conviction. Therefore, Brad has already had an opportunity to defend himself regarding his culpability under a more favorable standard of proof. In these circumstances, the trial court's refusal to permit Brad to re-litigate his culpability did not amount to impermissible collateral estoppel. *See Kimberlin,* 637 N.E.2d at 125 (victims entitled to partial summary judgment on defendant's li-

---

**6.** In his appellate brief, Brad even concedes that he has been convicted of Cheryl's murder. Appellant's Brief at 16.

**7.** Having determined that Brad's culpability is irrelevant to the determination of whether he is a constructive trustee, it is unnecessary to address

his arguments that the trial court's refusal to allow him to present evidence regarding his culpability violated T.R. 43(A) and (G), as this rule contemplates evidence which is admissible under Indiana's rules of evidence. Irrelevant evidence is not admissible.

ability because of application of collateral estoppel in civil action, where defendant vigorously defended criminal charges and was found guilty beyond a reasonable doubt in prior criminal proceeding).[8]

 The remainder of Brad's arguments center on his contention that the probate court's refusal to allow him to present evidence regarding his culpability denied him his right to a trial pursuant to the Indiana Uniform Declaratory Judgment Act (Act), IND. CODE §§ 34–4–10–1 to 34–4–10–16. The Act prohibits a trial court from entering judgment without a trial on the issues or facts. I.C. § 34–4–10–9. Notwithstanding Brad's contentions, the probate court held an evidentiary hearing prior to its determination that Brad was a constructive trustee. At the hearing, both Brad and the Estate were given the opportunity to present evidence regarding the matter at issue: whether Brad had been convicted of murder for Cheryl's death. The probate court's refusal to allow Brad to present evidence regarding his culpability for Cheryl's murder did not, therefore, deny Brad his right to a trial.

## II. Disqualification of Estate Attorney

 Next, Brad contends the probate court erred in denying his motion to disqualify the attorney for the Estate, John Commons, because Commons was also the prosecutor who tried and convicted Brad of Cheryl's murder. Specifically, Brad argues that Commons's participation in the Estate matter presented an appearance of impropriety and that Brad had been, and continues to be, prejudiced by Commons' participation.

Our supreme court has held that a lawyer must be disqualified from a pending case if that case "is substantially related to a matter in which the lawyer previously represented another client." *Corn v. State*, 659 N.E.2d 554, 556 (Ind.1995). This test must be applied to the facts of each case to determine whether the issues in the prior and present cases are essentially the same or are closely interwoven therewith. *Williams v. State*, 631 N.E.2d 485, 487 (Ind.1994). The public trust in the integrity of the judicial process requires that any serious doubt be resolved in favor of disqualification. *Id.*

██ In the instant case, Commons acted as deputy prosecutor for the State in Brad's criminal trial, after which Brad was convicted of Cheryl's murder. Following Brad's sentencing, Commons filed a petition to open Cheryl's estate on behalf of Adkins, Cheryl's mother, and acted as attorney for the Estate in the constructive trust proceedings. During these proceedings, it was necessary for Commons to prove that Brad had been convicted of Cheryl's murder. However, as we stated above, it was not necessary for Commons to prove Brad's culpability for Cheryl's death or to delve into the facts of Brad's criminal trial. Further, the interests of Commons' client in the criminal proceeding, the State, are in no way adverse to the interests of Commons' client in the probate proceedings, the Estate. Thus, Commons participation in Brad's criminal conviction was not "substantially related" to the constructive trustee proceedings. The probate court did not err in refusing to disqualify Commons.[9]

8. We are unpersuaded by Brad's argument that the probate court erred in refusing to permit him to present evidence regarding his culpability because his appeal of his criminal conviction is pending and, consequently, subject to possible reversal. Notwithstanding Brad's pending appeal, his conviction in the trial court stands. *See Rowan v. State*, 431 N.E.2d 805, 817 (Ind.1982) (rejecting defendant's argument that criminal conviction could not be used for impeachment until appeals process is complete because the conviction extinguishes presumption of innocence and the judgment holds fast as final determination until such time as it may be reversed).

9. Prior to filing his motion to disqualify Commons with the probate court, Brad filed a complaint against Commons with the Supreme Court Disciplinary Commission alleging that Commons had violated the Indiana Rules of Professional Conduct, acted in an unseemly and questionable fashion and had created a strong appearance of impropriety through his representation of the Estate. R. at 111. On April 7, 1995, the Disciplinary Commission dismissed Brad's complaint, finding that it did "not raise a substantial question of misconduct that would warrant disciplinary action." R. at 114.

### III. Stay of Proceedings

Brad's final two issues concern the probate court's denial of his motion to stay the proceedings of closure and distribution of the Estate pending his appeals of the probate court rulings and his criminal conviction. Specifically, Brad fears that should he prevail in either appeal, the probate court's refusal to stay the closure and distribution of the Estate will result in the possible loss of the Estate assets.

■ Initially, we note that our affirmance of the probate court's determination that Brad is a constructive trustee for the property he would have received for his wife's death renders moot Brad's request for a stay of proceedings pending his appeal from the probate court's orders. Thus, we are left solely with the issue of whether the probate court erred in declining to stay the closure and distribution of the Estate pending Brad's criminal appeal.

■ When considering a motion to stay proceedings, the trial court is governed by Ind.Trial Rule 62(C), which places the decision whether to grant a stay expressly within the sound discretion of the trial court. To demonstrate that the trial court abused its discretion in denying his request for a stay, Brad must show in essence that without the stay of proceedings, he will be without a remedy. However, at the time of briefing, the Estate assets had not been distributed. Appellant's Brief at xxi. Further, should those assets be distributed to the beneficiaries and should Brad prevail in his appeal of his criminal conviction, Brad will be entitled to recoup those assets from the beneficiaries. Brad has not demonstrated, or even argued, that he will be without a remedy to recoup those assets. Thus, we cannot say the probate court abused its discretion in denying Brad's request for a stay of proceedings.

Judgment affirmed.

NAJAM, J., and KIRSCH, J., concur.