Richard G. KENNEDY, Personal Representative of the Estate of Teresa B. Jester, Deceased, Appellant–Defendant,

v.

Rick JESTER, Appellee–Plaintiff.

No. 82A01–9805–CV–170.

Court of Appeals of Indiana.

Oct. 26, 1998.

---

## OPINION

DARDEN, Judge.

### STATEMENT OF THE CASE

Richard G. Kennedy, as personal representative of the Estate of Teresa B. Jester, deceased, Jeremy Bunker, Jessica Kennedy, Darrell Kennedy, Tina Bunker, Jamie Kennedy, Gordon Kennedy and Tracy Powers (collectively "Appellants") appeal from a final judgment in their favor declaring Rick Jester (Jester) constructive trustee of insurance proceeds that he was entitled to receive due to the death of his wife, Teresa Jester (Teresa), but ordering a stay of distribution of those proceeds during the pendency of Jester's appeal of his murder conviction.

We affirm in part and reverse and remand in part.

### ISSUES

I. Whether the trial court, after entering a declaratory judgment finding Jester to be a constructive trustee of insurance proceeds, abused its discretion in ordering a stay of the distribution of those proceeds pending Jester's appeal of his murder conviction.

II. Whether the trial court committed reversible error in granting the stay pending appeal without fixing an appeal bond or holding a hearing to determine whether Appellants would be damaged by the stay.

### FACTS

On July 2, 1996, at approximately 10:45 p.m., Teresa Jester died as a result of multiple gunshot wounds to the head. At the time of Teresa's death, Jester, Teresa's husband, was the primary beneficiary of five policies insuring Teresa's life. In September 1996, Jester began to file a series of lawsuits against the insurance companies issuing the policies, seeking payment of the insurance proceeds. Richard G. Kennedy, as personal representative of the Estate of Teresa Jester, and Teresa's family members, as either heirs-at-law or contingent beneficiaries of the life insurance proceeds, intervened and made a claim for the proceeds on the grounds that Jester wrongfully caused the death of Teresa. The cases were consolidated. The insur-

F. Wesley Bowers, David E. Gray, Jay A. Ziemer, Bowers, Harrison, Kent & Miller, L.L.P., Evansville, for Appellant–Defendant.

James A. Kornblum, B. Michael Macer, Lockyear & Kornblum, Evansville, Dennis L. Brinkmeyer, Evansville, for Appellee–Plaintiff.

ance companies deposited the insurance proceeds totaling $898,334.19 into the clerk's office and were dismissed with prejudice.

On January 30, 1998, Jester was convicted for the murder of Teresa following a jury trial and sentenced to sixty years imprisonment. The trial court held a hearing on this cause on March 26, 1998. At the hearing, Kennedy introduced a certified transcript of Jester's sentencing hearing. The trial court also heard extensive arguments on Jester's oral motion to stay proceedings pending the outcome of his appeal of his murder conviction. The Appellants requested additional time to present law on the issue of Jester's motion to stay. The trial court granted the Appellants' request and set a supplemental hearing for April 8.

On April 5, Jester filed a written motion to stay proceedings pending the outcome of the appeal of his murder conviction. On April 8, the trial court held the supplemental hearing which addressed the authority of the trial court to grant Jester's motion to stay. At the hearing, counsel for Appellants acknowledged that Jester had initiated a criminal appeal, but nevertheless challenged the trial court's authority to stay the distribution of proceeds pending the outcome of Jester's criminal appeal. On April 17, the trial court entered an order finding that Jester had been convicted of murder and declaring him to be the constructive trustee of the insurance proceeds pursuant to Ind.Code § 29-1-2-12.1.[1] In the same order, however, the trial court refused to distribute the proceeds to the Appellants and ordered the clerk of the court to continue to maintain said funds "in an insured account or accounts at the maximum interest rate available" pending the supreme court's decision concerning Jester's criminal appeal. (R. 479).

### DECISION

#### I. Stay of Proceedings

▌ Initially, we note that both parties agree that the trial court's refusal to distrib-

ute the insurance proceeds pending the outcome of Jester's appeal of his murder conviction amounts to a stay of proceedings to enforce a judgment. When considering a motion to stay proceedings involving a judgment or order for specific relief other than the payment of money, the trial court is governed by Ind. Trial Rule 62(C), which provides in part:

> When an appeal is taken from ... any judgment or order for specific relief other than the payment of money, the court to which the application is made in its sound discretion may suspend, modify, restore, or grant ... the specific relief during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of rights of the adverse party....

Relief under T.R. 62(C) is expressly committed to the sound discretion of the trial court. *Dandy Co., Inc. v. Civil City, Etc.*, 401 N.E.2d 1380, 1385 (Ind.Ct.App.1980); *Angleton v. Estate of Angleton*, 671 N.E.2d 921, 929 (Ind.Ct.App.1996), *trans. denied.* A trial court's decision will not be disturbed absent an abuse of that discretion. *See Dandy*, 401 N.E.2d at 1385.

Appellants contend that the trial court was not authorized to stay the distribution of the proceeds in the civil proceeding pending the outcome of Jester's criminal appeal of his murder conviction. Specifically, they assert that Ind. Trial Rule 62, which governs stays pending appeal, only contemplates a trial court granting a stay pending appeal of the judgment being stayed. However, in support of this interpretation of T.R. 62, Appellants fail to cite any specific provisions of the rule and offer no argument or citation to cases. Appellants' failure to provide cogent argument and citation to pertinent authorities waives this issue. Ind. Appellate Rule 8.3(A)(7).

Appellants also argue that the trial court erred in finding that Jester had filed a praecipe and special bill of exceptions to initiate the appeal of his murder conviction when Jester had failed to introduce any evidence in

---

1. I.C. § 29-1-2-12.1 provides in part as follows: (A) A person is a constructive trustee of any property that is acquired by him or that he is otherwise entitled to receive as a result of a decedent's death, if that person has been found guilty ... of murder ... because of the decedent's death. A judgment of conviction is conclusive in a subsequent civil action to have the person declared a constructive trustee.

that regard. Specifically, they claim that the trial court improperly took judicial notice of records of the criminal proceedings.

As a general proposition, judicial notice may not be taken of a different case, even if before the same court and on a related subject between related parties. *Patterson v. State*, 659 N.E.2d 220, 223 (Ind. Ct.App.1995). "The general rule against judicial notice of other proceedings is designed to ensure that facts alleged are indeed truly fact, not mere allegations." *Bane v. State*, 579 N.E.2d 1339, 1341–42 (Ind.Ct.App.1991). Here, however, Appellants' counsel acknowledged to the trial court that Jester's criminal appeal was pending at the time of the final hearing. (R. 524).[2] Accordingly, the evil the rule is designed to prevent has been fully protected against as Appellants themselves have admitted the fact judicially noticed. Therefore, we find no reversible error.

## II. *Appeal Bond and Hearing*

Appellants also argue that the trial court erred in granting the stay without requiring a bond or holding a hearing to determine whether they would be damaged by the delay pursuant to T.R. 62(D). We agree.

Ind. Trial Rule 62(D)(1), which sets out the procedure for obtaining a stay upon appeal, provides in part as follows:

No appeal bond shall be necessary to perfect an appeal from any judgment or appealable interlocutory order. Enforcement of a judgment or appealable interlocutory order will be suspended during an appeal upon the giving of an adequate appeal bond with approved sureties ... The trial court or judge thereof shall have jurisdiction to fix and approve the bond and order a stay pending an appeal as well as prior to the appeal ...

Although no appeal bond is necessary to perfect an appeal by a party who seeks to take an appeal from any judgment or appealable interlocutory order, our supreme court has stated that T.R. 62(D)(1) requires a supersedeas bond be given and approved by the appropriate court in order to stay execution of a judgment pending appeal. *Dzur v. Northern Indiana Public Service Company,*

257 Ind. 674, 278 N.E.2d 563, 564–565 (1971) ("in order to stay an execution of judgment a supersedeas bond must be given and approved by the appropriate court."); *see also* Indiana Practice, Rules of Procedure Annotated, Harvey, p. 286 ("The perfection of an appeal does not depend on this [appeal] bond. A stay of the enforcement of a judgment or an appealable interlocutory order does."). The form and adequacy of the bond required for a stay under T.R. 62(D)(1) is described in T.R. 62(D)(2), which provides in part as follows:

When the judgment determines the disposition of the property in controversy ... or when the proceeds of such property or a bond for its value is in the custody or control of the court, the amount of the supersedeas bond shall be fixed at such sum only as will secure the amount recovered for the use and detention of the property, the costs of the action, costs on appeal, interest, and damages for delay.

Here, the insurance proceeds at issue were already deposited with the Clerk's Office and placed in interest bearing accounts. Therefore, the property in controversy was in the custody of the trial court. Nevertheless, the trial court was required to fix and approve a supersedeas bond at such sum as would adequately secure Appellants pursuant to T.R. 62(D)(2). Therefore, this cause must be remanded to the trial court for a hearing fixing an appeal bond in compliance with T.R. 62(D)(2).

In conclusion, Appellants have failed to demonstrate the trial court abused its discretion in staying the proceedings pending the outcome of Jester's criminal appeal. However, we must remand this cause for the trial court to fix and approve an appropriate appeal bond.

We affirm in part, reverse in part and remand for further proceedings consistent herewith.

BAKER and BAILEY, JJ., concur.

---

**2.** In arguing against the stay, counsel for Appellants stated that "with the appeal pending at this point Ricky Jester would probably still assert his Fifth Amendment rights ..." (R. 524).