## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 16 2016, 8:33 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| APPELLANT *PRO SE* | ATTORNEY FOR APPELLEE |
|---|---|
| Segun Rasaki | Miranda D. Bray |
| Putnamville Correctional Facility | Manley Deas Kochalski LLC |
| Greencastle, Indiana | Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Segun M. Rasaki, | June 16, 2016 |
| *Appellant-Defendant,* | Court of Appeals Case No. 29A04-1510-MF-1779 |
| *v.* | Appeal from the Hamilton Superior Court |
| Union Savings Bank, | The Hon. William J. Hughes, Judge The Hon. William P. Greenaway, Magistrate |
| *Appellee-Plaintiff.* | Trial Court Cause No. 29D03-1410-MF-10300 |

**Bradford, Judge.**

# Case Summary

[1]     Appellant-Defendant Segun Rasaki purchased a home in Hamilton County ("the Property") with a loan from Appellee-Plaintiff Union Savings Bank ("USB") secured by a mortgage. When Rasaki failed to make timely payments

on the loan, USB filed a foreclosure action. The trial court entered summary judgment in favor of USB.

[2] During the pendency of Rasaki's appeal of the foreclosure judgment, Rasaki secured a temporary stay to prevent the sale of the Property ("the Stay"), which the trial court granted subject to monthly payments of $5000.00 to the Hamilton County Clerk in lieu of a bond. Rasaki filed several pleadings with the trial court and this court in an attempt to reduce the payments, all of which attempts were rejected, and none of which rejections was appealed. When Rasaki failed to make the second payment, USB moved to have the Stay lifted and return the case to the active docket, which motion the trial court granted. The Property was sold in a sheriff's sale on February 25, 2015. Rasaki contends that the trial court abused its discretion in granting USB's motion to lift the Stay. Because we disagree, we affirm.

# Facts and Procedural History

[3] Some of the background for this case may be found in this court's disposition of a previous appeal by Rasaki:

> [2] On August 26, 2009, to purchase a home on 10574 Iron Horse Lane in Carmel, Rasaki executed a promissory note and mortgage, granting USB a secured interest in the property. Rasaki lived on Iron Horse Lane with his wife Priscilla Rasaki ("Priscilla") and their children. On or about April 1, 2014, Rasaki defaulted upon the note and mortgage by failing to make timely payments.

[3] In October 2014, USB filed a complaint on promissory note and to foreclose mortgage against Rasaki and Priscilla. Rasaki filed an appearance providing his address in Putnamville Correctional Facility. In November 2014, Rasaki, pro se, filed a motion for a settlement conference and enlargement of time. The trial court ordered the parties to participate in a settlement conference and ordered USB to supply the Rasakis with a complete payment history, a loan payoff, and reinstatement figures. The trial court also granted Rasaki's motion for enlargement of time and gave Rasaki up to and including January 20, 2015, to file an answer.

[4] At some point, Rasaki provided a power of attorney to Priscilla. In December 2014, USB sent the payment history and other documents required by the trial court's order setting the settlement conference to Priscilla at Iron Horse Lane. In February 2015, the settlement conference was held, but no settlement was reached.

[5] In March 2015, USB filed a motion for summary judgment pursuant to Indiana Trial Rule 56 with designated materials including the promissory note and mortgage and the affidavit of USB's authorized representative, attesting to the breach of contract and that the balance due on the note was $795,539.32. Rasaki timely filed a motion for alteration of time limits of Trial Rule 56, but rather than asking for more time to respond to USB's summary judgment motion, he asked for more time to respond to USB's "complaint." Appellant's App. at 182. The trial court granted the motion and ordered him to respond to USB's complaint by May 20, 2015. On May 22, 2015, Rasaki filed his "Reply to Complaint on Promissory Note and To Foreclose Mortgage," which also included his counterclaims. *Id.* at 192. His reply to complaint was unverified and did not have attached sworn affidavits in support of his assertions. USB treated his reply to complaint as a pleading, and in June 2015, pursuant to Indiana Trial Rule 12(F), USB filed a motion to strike it, alleging that it was both untimely and failed to state a claim under Indiana Trial Rule 12(B)(6).

[6] On June 5, 2015, the trial court held a hearing on all matters. On June 8, 2015, Rasaki filed a judicial notice informing the trial court that he was revoking the power of attorney that he had granted to Priscilla. On June 9, 2015, the trial court issued an order granting USB's summary judgment motion. In it, the trial court found that USB had shown that no issue of material fact exists and that it was entitled to judgment on all claims asserted against Rasaki in its complaint. The trial court ordered that the mortgage be foreclosed and that the property be sold and awarded USB a personal judgment against Rasaki for $795,539.32, to which the net proceeds of the sale of the property would be applied. Also on June 9, 2015, the trial court issued an order granting USB's motion to strike Rasaki's reply to complaint, but the trial court did not provide the basis for its ruling. Rasaki filed a notice of appeal of the trial court's June 9, 2015 orders.

*Rasaki v. Union Sav. Bank*, Cause No. 29A02-1506-MF-663 at *1-2 (Ind. Ct. App. Mar. 22, 2016) (footnote omitted).

[4] On July 24, 2015, the Hamilton County Sheriff issued a Sheriff's sale notice for the Property, which sale was set for September 3, 2015. On July 27, 2015, Rasaki moved in the trial court for a stay of all interlocutory and dispositive orders, including a stay on the sheriff's sale of the Property. On August 10, 2015, the trial court issued the Stay pending Rasaki's appeal of the entry of summary judgment in favor of USB and ordered that a condition of the Stay be that Rasaki make monthly payments of $5000.00 to the Hamilton County Clerk. Rasaki made several unsuccessful attempts to have the amount of the payment reduced, both in this court and the trial court. Rasaki, however, appealed neither the order establishing the Stay nor any of the denials of his challenges. On September 1, 2015, Rasaki made his first payment.

On October 5, 2015, after Rasaki failed to make the October payment, USB moved to lift the Stay and return the case to the active docket, which motion the trial court granted on October 14, 2015. On October 29, 2015, Rasaki filed a reply/objection to USB's motion to remove the Stay. Meanwhile, on or about October 23, 2015, Rasaki had filed a notice of appeal from the trial court's order lifting the Stay.[1] On February 25, 2016, the Property was sold at sheriff's sale. On March 22, 2016, this court affirmed the trial court's grant of summary judgment in favor of USB. *Rasaki*, Cause No. 29A02-1506-MF-663 at 4-5. In this appeal, Rasaki challenges the trial court's lift of the Stay.

## Discussion and Decision

### Whether the Trial Court Abused its Discretion in Lifting the Stay

When an appeal is taken from an interlocutory or final judgment granting, dissolving or denying an injunction, the appointment of a receiver or, to the extent that a stay is not otherwise permitted by law upon appeal, from any judgment or order for specific relief other than the payment of money, the court to which the application is made in its sound discretion may suspend, modify, restore, or grant the injunction, the appointment of the receiver or the specific relief during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party. Nothing in this rule is

---

[1] Rasaki initially made several filings related to the appeal of the lifting of the Stay to Cause Number 29A02-1506-MF-663, the appeal of the trial court's grant of summary judgment to USB. Eventually, Rasaki's appeal of the Stay removal was assigned this cause number.

> intended to affect the original jurisdiction of the Supreme Court
> or the Indiana Court of Appeals.

Trial R. 62(C).

> Relief under T.R. 62(C) is expressly committed to the sound
> discretion of the trial court. *Dandy Co., Inc. v. Civil City, Etc.,* 401
> N.E.2d 1380, 1385 (Ind. Ct. App. 1980); *Angleton v. Estate of
> Angleton,* 671 N.E.2d 921, 929 (Ind. Ct. App. 1996), *trans. denied.*
> A trial court's decision will not be disturbed absent an abuse of
> that discretion. *See Dandy,* 401 N.E.2d at 1385.

*Kennedy v. Jester*, 700 N.E.2d 1170, 1172 (Ind. Ct. App. 1998).

[7] Rasaki devotes most of his Brief of Appellant to arguing that, from the outset, the terms of the Stay did not comply with relevant statutory authority. This particular ship has sailed, however. Although Rasaki did file challenges to the Stay order in this court and the trial court,[2] he appealed from neither the order itself nor the denials of those challenges. Rasaki may not now challenge the provisions of the Stay on appeal, having failed to do so in a timely manner previously.

[8] Rasaki also contends that he suffered from a lack of service of process in that he failed to receive a copy of USB's motion to lift the Stay before it was granted by the trial court. Even assuming, *arguendo*, that Rasaki initially failed to receive a copy of USB's motion to lift the Stay, it does not follow that a lack of service of

---

[2] Rasaki may well have believed that he was "appealing" the Stay by filing challenges to it in this court, but the fact remains that he did not properly appeal until after the Stay was lifted. *Pro se* litigants such as Rasaki are "held to the same standards as a trained attorney and [are] afforded no inherent leniency simply by virtue of being self-represented." *Zavodnik v. Harper*, 17 N.E.3d 259, 266 (Ind. 2014).

process occurred. USB's motion to lift the Stay indicates that it was served on Rasaki on October 8, 2015, by United States mail, prepaid, to: "Segun Rasaki, AKA Segun M. Rasaki, #245770, c/o Superintendent Stan Knight, 1946 West U.S. Highway 40, Greencastle, IN 46135." Rasaki does not claim that this address was incorrect (the service address on the motion is, in fact, the address that was provided by Rasaki) or that USB's service of its motion to lift the Stay was otherwise deficient in any way. Trial Rule 5(B)(2) provides that service by mail "shall be deemed complete upon mailing." Even if he never actually received a copy of USB's motion, Rasaki has failed to establish a failure of service of process.

[9] Rasaki also contends that the trial court abused its discretion in ruling on USB's motion to lift the Stay before receiving a response from him. Rasaki cites to no authority to support this contention, and we are aware of none. The trial court's order contains no provisions for a response in the event of a request by USB to lift the Stay and is clear that "failure to make timely and adequate payments as required by this order" will result in the trial court dissolving the Stay. Appellant's App. p. 592. Rasaki has also failed to show that he was prejudiced by the trial court not waiting for his response. Because Rasaki does not dispute that he failed to make the ordered payments, it is unclear just what argument he could have made that would have made a difference if he had responded. Rasaki has failed to establish an abuse of discretion in this regard.

[10] The judgment of the trial court is affirmed.

Bailey, J., and Altice, J., concur.